UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENIA MONTIEL-FLORES and ALMANELLY RIVERA
ZUNIGA, individually and on behalf of all others similarly
situated,                                                                                                    CIVIL ACTION NO.

                                    Plaintiffs,                                                      COMPLAINT

                    -against-

JVK OPERATIONS LIMITED and VINOD SAMUEL,

                                 Defendants.
------------------------------------------------------------------------X

        Plaintiffs Kenia Montiel-Flores and Almanelly Rivera Zuniga (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, JVK Operations Limited ("JVK"), and Vinod Samuel (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

        1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL").

        2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

        3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United States Constitution.

        4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5. Plaintiffs are individuals residing in the State of New York.

6. Defendant JVK is a domestic corporation with its principal place of business located at 130 New Highway, Amityville, New York 11701.

7. JVK is a laundromat that provides dry cleaning and laundry services to hospitals and hotels in the Suffolk County area.

8. Defendant Samuel is an individual residing, upon information and belief, in the State of New York.

9. Upon information and belief, at all relevant times, Samuel was, and still is, an owner of JVK.

10. Upon information and belief, at all relevant times, Samuel was, and still is, an officer, director, shareholder and/or person in control of JVK who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11. At all relevant times, Plaintiffs were Defendants' "employees" and Defendants were their "employers" within the meaning of FLSA §§ 203(d) and 203(e) and NYLL §§ 190(2) and (3), and 651(5) and (6).

12. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

13. Defendants operate in interstate commerce.

14. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

15. The First and Second Causes of Action in this Complaint, which arise under the FLSA, are brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

16. The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay.

17. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wages and overtime rate for all time worked in excess of forty (40) hours per week.

18. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees all compensation.

19. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

20. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable

through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Factual Allegations

*Plaintiff Kenia Montiel-Flores*

21. Montiel-Flores worked as a clothing sorter at JVK from in or around December 2017 until on or around July 13, 2018.

22. As a clothing sorter, Montiel-Flores' primary job duties included classifying clothing and dividing the clothing into different categories.

23. Throughout her employment, Montiel-Flores regularly worked Tuesdays through Saturdays, from 12:00 a.m. until 12:00 p.m., for a total of approximately sixty (60) hours per week.

24. Throughout her employment, Montiel-Flores was afforded a thirty (30) minute daily lunch break, bringing her total work hours to approximately fifty seven and one-half (57.5) per week.

25. Throughout Montiel-Flores's employment, Defendants paid her at an hourly rate of $11.00 for all hours worked.

*Plaintiff Almanelly Rivera Zuniga*

26. Zuniga worked as a clothing sorter at JVK from on or around April 6, 2018 until on or around February 9, 2019.

27. While employed with Defendants, Zuniga went by the name Gisel Juarez Diaz.

28. As a clothing sorter, Zuniga's primary job duties included classifying clothing and dividing the clothing into different categories.

29. From on or around April 6, 2018 until on or around June 30, 2018, Zuniga regularly worked Tuesdays, Wednesdays, and Fridays through Sundays, from 12:00 a.m. until 12:00 p.m., for a total of approximately sixty (60) hours per week.

30. During this time period, Zuniga was afforded a thirty (30) minute daily lunch break, bringing her total hours worked to approximately fifty-seven and one-half (57.5) per week.

31. From on or around July 1, 2018 until the end of her employment, Zuniga regularly worked Tuesdays, Wednesdays, and Fridays through Sundays from 4:00 a.m. until between 9:30 a.m. and 10:00 a.m., for a total of approximately twenty-eight and three-quarters (28.75) hours per week.

32. During this time period, Zuniga was afforded a thirty (30) minute daily lunch break, bringing her total work hours to approximately twenty-six and one-quarter (26.25) per week.

33. From on or around April 6, 2018 until on or around January 31, 2019, Defendants paid Zuniga an hourly rate of $11.00 for all hours worked.

34. From on or around February 1, 2019 until the end of her employment, Defendants paid Zuniga an hourly rate of $12.00 for all hours worked.

35. Based on Zuniga's compensation and hours worked per week, Zuniga's regular rate of pay fell below the applicable federal and/or state minimum wage rates during the month of January 2019.

***Claims Common to Plaintiffs Montiel-Flores and Zuniga***

36. While employed with Defendants, Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to minimum wages and overtime compensation.

37. At all relevant times, Plaintiffs regularly worked in excess of forty (40) hours per week, yet Defendants failed to compensate them at a rate of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

38. Defendants failed to pay Plaintiffs overtime compensation for all hours worked in excess of forty (40) hours per week.

39. Defendants tracked the hours Plaintiffs worked, and required Plaintiffs to record their time by punching in and out of work daily on a punch card time clock system.

40. Upon information and belief, throughout Plaintiffs' employment, Defendants manipulated Plaintiffs' timesheets and/or paystubs so that they would reflect fewer hours than Plaintiffs actually worked.

41. Defendants failed to furnish to Plaintiffs, at the time they were hired or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

42. Moreover, Plaintiffs did not receive, with each wage payment, statements accurately listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

43. Defendants knew or should have known that their failure to pay Plaintiffs and similarly situated employees minimum wages and overtime compensation owed to them was a violation of the FLSA and NYLL and/or they acted in reckless disregard of the federal and state wage and hour laws.

44. Defendants' refusal to pay Plaintiffs and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

6

45. Plaintiffs and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Minimum Wage Violations Under the FLSA)

46. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

47. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for the hours they worked.

48. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutory minimum wages for the hours they worked.

49. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

50. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

51. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations Under the FLSA)

52. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

53. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

54. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

55. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

56. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

58. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Minimum Wage Violations Under the NYLL)

59. Plaintiffs repeat and reallege all prior allegations set forth above.

60. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to the statutory minimum wages for all of the hours they worked.

61. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs the statutory minimum wages for all hours they worked.

62. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

63. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

64. Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Overtime Violations Under the NYLL)

65. Plaintiffs repeat and reallege all prior allegations set forth above.

66. Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

67. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

68. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

69. As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

70. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

71. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS**
(Failure to Provide Payroll Notices Under the NYLL)

72. Plaintiffs repeat and reallege all prior allegations.

73. Defendants failed to furnish to Plaintiffs, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

74. As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

75. Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(Failure to Provide Wage Statements Under the NYLL)

76. Plaintiffs repeat and reallege all prior allegations.

77. Throughout the relevant time period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

78. As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiffs are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

79. Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

80. Plaintiffs repeat and reallege all prior allegations set forth above.

81. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

82. During the relevant time period, Defendants routinely failed to pay Plaintiffs all of their earned wages in accordance with the agreed-upon terms of employment.

83. During the relevant time period, Defendants failed to timely pay Plaintiffs all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

84. Plaintiffs regularly worked in excess of forty (40) hours per work during their employment with Defendants.

85. Throughout the relevant time period, Defendants failed to pay Plaintiffs all wages earned by Plaintiffs, including overtime wages earned for all hours worked in excess of forty (40) in a workweek, in violation of NYLL § 191(1)(a)(i).

86. As a result of Defendants' violations of the law and failure to pay Plaintiffs in accordance with NYLL § 191(1)(a)(i), Plaintiffs have been damaged and are entitled to recover from Defendants all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

87. Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.


WHEREFORE Plaintiffs pray for relief as follows:

a) on the First Cause of Action for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) Interest;

i) Costs and disbursements; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 21, 2019

                                          */s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiffs*