UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENIA MONTIEL-FLORES and ALMANELLY RIVERA
ZUNIGA, individually and on behalf of all others similarly
situated,                                                                                          Civil Action No. 19-cv-3005

                                            Plaintiffs,                         AMENDED COMPLAINT

                    -against-

  JVK OPERATIONS LIMITED and VINOD SAMUEL,

                                            Defendants.
------------------------------------------------------------------------X

Plaintiffs Kenia Montiel-Flores and Almanelly Rivera Zuniga (collectively, "Plaintiffs"),

individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC,

complaining of the defendants, JVK Operations Limited ("JVK"), and Vinod Samuel (collectively,

"Defendants"), respectfully allege as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), the New

York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), the New Jersey Wage and Hour

Law, N.J.S.A. 34:11-56(a) *et seq.* ("NJWHL"), the New Jersey Wage Payment Law, N.J.S.A.

34:11-4.1, *et seq.* ("NJWPL"), and the New Jersey Wage Theft Act ("NJWTA").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action

arising under the FLSA.

3.      This Court has supplemental jurisdiction over the claims arising under New York

and New Jersey state law pursuant to 28 U.S.C. § 1367, in that the New York and New Jersey state

law claims are so closely related to Plaintiffs' federal claims as to form the same case or

controversy under Article III of the United States Constitution.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5.     Plaintiffs are individuals residing in the State of New York.

6.     Defendant JVK is a domestic corporation with its principal place of business located at 130 New Highway, Amityville, New York 11701.

7.     JVK also operates a facility located at 166 New Highway, Amityville, New York 11701.

8.     JVK also operates a facility located at 521 S Black Horse Pike, Blackwood, New Jersey 08012.

9.     JVK is a laundromat that provides dry cleaning and laundry services to hospitals and hotels.

10.     Defendant Samuel is an individual residing, upon information and belief, in the State of New York.

11.     Upon information and belief, at all relevant times, Samuel was, and still is, an owner of JVK and its Chief Executive Officer.

12.     Upon information and belief, at all relevant times, Samuel was, and still is, an officer, director, shareholder and/or person in control of JVK who exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

13.     At all relevant times, Plaintiffs were Defendants' "employees" and Defendants were their "employers" within the meaning of FLSA §§ 203(d) and 203(e), NYLL §§ 190(2) and (3), and 651(5) and (6), NJWHL § 34:11-56a1(h), and NJWPL 34:11-4.1(b).

14.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

15.     Defendants operate in interstate commerce.

16.     Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

17.     The First and Second Causes of Action in this Complaint, which arise under the FLSA, are brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

18.     The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and other pay.

19.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wages and overtime rate for all time worked in excess of forty (40) hours per week.

20.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees all compensation.

21.     Defendants' unlawful wage and hour practices described herein were uniformly implemented at all of their facilities in New York and New Jersey.

22.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

23.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### IV. Rule 23 Class Allegations

24.     The Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action in this Complaint, which arise under the NYLL, are brought by Plaintiffs as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other similarly situated persons who were employed by Defendants in the State of New York since the date six (6) years prior to the filing of the original Complaint (the "Rule 23 Class").

25.     The basic job duties of the Rule 23 Class were the same or substantially similar to those of Plaintiffs, and the Rule 23 Class was paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

26.     The Rule 23 Class, like Plaintiffs, has been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay proper minimum, overtime, and spread of hours wages and failing to provide proper and accurate payroll notices and wage statements.

27.     Defendants were fully aware of the duties performed by Plaintiffs and the Rule 23 Class, and that those duties were not exempt from the minimum wage and overtime requirements and other applicable provisions of the NYLL and/or its regulations.

28.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the Rule 23 Class.

29.     As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the Rule 23 Class for the full amount of their minimum, overtime, and spread of hours wages owed, the statutory damages owed, plus an additional amount as liquidated damages, plus interest, attorneys' fees, and costs.

30.     Certification of the Rule 23 Class's claims as a class action is the most efficient and economical means of resolving the common questions of law and fact central to Plaintiffs' claims and the claims of the Rule 23 Class.

31.     Without class certification, the same evidence and issues would be open to re-litigation in duplicative individual lawsuits with the attendant risk of inconsistent judgments and conflicting obligations for Defendants.

32.     Plaintiffs' claims raise questions of law and fact common to the Rule 23 Class, including:

a.     Whether Defendants employed Plaintiffs and the Rule 23 Class within the meaning of the NYLL;

b.     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class at least the applicable minimum wage for all hours worked;

c.     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per workweek;

d.     Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours wages for each day in which their shifts spanned a period of more than ten (10) hours;

e.      Whether Defendants knew or should have known that Plaintiffs and the Rule 23 Class were not paid all minimum, overtime, and spread of hours wages owed to them;

f.      Whether Defendants provided Plaintiffs and the Rule 23 Class with proper payroll notices at the time of their hire;

g.      Whether Defendants provided Plaintiffs and the Rule 23 Class with accurate wage statements; and

h.      Whether Defendants' violations of the NYLL and/or its regulations were wilful.

33.     These common questions of law and fact arise from the same circumstances and events, and each class member will make similar legal and factual arguments to prove liability.

34.     Plaintiffs are members of the Rule 23 Class that they seeks to represent, and their claims are typical of the Rule 23 Class. The relief Plaintiffs seek is also typical of the relief sought on behalf of the Rule 23 Class.

35.     Plaintiffs' interests are co-extensive with those of the Rule 23 Class that they seek to represent, and they are willing and able to represent those interests fairly.

36.     Plaintiffs have retained experienced counsel who are qualified to prosecute this action, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

37.     The combined interests, experience and resources of Plaintiffs and their counsel to litigate the Rule 23 Class claims at issue in this action satisfy the adequacy of representation requirement of FRCP 23.

38.     The common issues of fact and law affecting Plaintiffs' and the Rule 23 Class's claims, including the issues identified in this section, predominate over any issues affecting only Plaintiffs or other individual claims.

39.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs who might otherwise litigate identical claims.

40.     The claims of the Rule 23 Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.

41.     The Rule 23 Class is so numerous that joinder of all members is impracticable. While the exact number of the Rule 23 Class is unknown to Plaintiffs at the present time, upon information and belief, there are at minimum one thousand (1,000) similarly situated persons who were/are employed by Defendants as non-exempt hourly workers during the applicable statute of limitations period.

42.     Defendants' deceptive conduct prevented the Plaintiffs and members of the Rule 23 Class from discovering or asserting their claims any earlier than they did. As such, Plaintiffs and the Rule 23 Class members are entitled to equitable tolling.

43.     The Ninth, Tenth, and Eleventh Causes of Action in this Complaint, which arise under the NJWHL, NJWPL, and NJWTA, are brought pursuant to FRCP 23 on behalf of those Rule 23 Class members who were employed by Defendants in the State of New Jersey since the date six (6) years prior to the filing of the original Complaint.

44.     Members of the Rule 23 Class employed in New Jersey maintained basic job duties that were the same or substantially similar to those of Plaintiffs, and were paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

45.     Members of the Rule 23 Class employed in New Jersey have been subject to the same unlawful policies, plans and practices of Defendants, including failing to pay proper minimum and overtime wages.

46.     Defendants were fully aware of the duties performed by those Rule 23 Class members employed in New Jersey and that those duties were not exempt from the minimum wage and overtime requirements of the NJWHL and the NJWTA.

47.     Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to the members of the Rule 23 Class employed in New Jersey.

48.     As a result of Defendants' conduct, Defendants are liable to those members of the Rule 23 Class employed in New Jersey for the full amount of their minimum and overtime wages owed, plus an additional amount as liquidated damages, plus interest, attorneys' fees, and costs.

## VI. Factual Allegations

### *Plaintiff Kenia Montiel-Flores*

49.     Montiel-Flores worked as a clothing sorter at JVK from on or around June 15, 2017 until on or around October 24, 2017, and again from on or around December 15, 2017 until on or around July 13, 2018.

50.     As a clothing sorter, Montiel-Flores' primary job duties included classifying clothing and dividing the clothing into different categories.

51.     Throughout her employment, Montiel-Flores' hours varied but she occasionally worked more than forty (40) hours per week.

52.     Montiel-Flores was typically afforded a meal break of no more than thirty (30) minutes during her shifts.

53.     Defendants paid Montiel-Flores a regular hourly rate of $10.00 per hour in 2017 and $11.00 per hour in 2018.

*Plaintiff Almanelly Rivera Zuniga*

54.    Zuniga worked as a clothing sorter at JVK from on or around June 15, 2017 until on or around November 29, 2017, and again from on or around April 6, 2018 until on or around February 9, 2019.

55.    While employed with Defendants, Zuniga went by the name Gisel Juarez Diaz.

56.    As a clothing sorter, Zuniga's primary job duties included classifying clothing and dividing the clothing into different categories.

57.    Throughout her employment, Zuniga's hours varied but she occasionally worked more than forty (40) hours per week.

58.    Zuniga was typically afforded a meal break of no more than thirty (30) minutes during her shifts.

59.    Defendants paid Zuniga a regular hourly rate of $10.00 per hour in 2017, $11.00 per hour in 2018, and $12.00 per hour in 2019.

*Claims Common to Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class*

60.    While employed with Defendants, Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class were non-exempt employees pursuant to the FLSA, the NYLL, the NJWHL, the NJWPL, and the NJWTA, and were entitled to minimum wages, overtime compensation, and spread of hours pay.

61.    At all relevant times, Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class were required to punch in and punch out for their shifts using Defendants' electronic timekeeping system.

62.    Although Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class typically took a daily meal break during their shifts, Defendants did not require Plaintiffs, the FLSA

Collective Plaintiffs, and the Rule 23 Class to punch out at the start of their meal break or punch in at the end of their meal break.

63.     Instead, Defendants implemented a policy under which Defendants automatically deducted a fixed amount of time, typically thirty (30) minutes, from Plaintiffs', the FLSA Collective Plaintiffs', and the Rule 23 Class's daily work hours regardless of the actual length of Plaintiffs', the FLSA Collective Plaintiffs', and the Rule 23 Class's meal breaks.

64.     Additionally, Defendants implemented a policy under which Defendants rounded Plaintiffs', the FLSA Collective Plaintiffs', and the Rule 23 Class's daily work hours to a quarter of an hour.

65.     While Defendants' rounding policy occasionally resulted in Plaintiffs', the FLSA Collective Plaintiffs', and the Rule 23 Class's daily work hours being rounded up, for the vast majority of days on which Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class worked their daily work hours were rounded down.

66.     As a result of Defendants' rounding policy, on most days that they worked, Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class worked more hours than the number of hours for which they were paid and therefore were not paid minimum wages for all of the hours they worked.

67.     Also as a result of Defendants' rounding policy, during weeks in which Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class worked more than forty (40) hours, Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class were not paid overtime wages equal to one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

68.     Plaintiffs and the Rule 23 Class also frequently worked shifts that spanned more than ten (10) hours per day, but were not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which their shifts exceeded ten (10) hours ("spread of hours pay").

69.     Defendants failed to furnish to Plaintiffs and the Rule 23 Class, at the time they were hired or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

70.     Moreover, Plaintiffs and the Rule 23 Class did not receive, with each wage payment, statements accurately listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

71.     Defendants knew or should have known that their failure to pay Plaintiffs and similarly situated employees minimum wages, overtime compensation, and spread of hours pay owed to them was a violation of the FLSA and/or NYLL and/or they acted in reckless disregard of the federal and state wage and hour laws.

72.     Defendants' refusal to pay Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

73.     Plaintiffs, the FLSA Collective Plaintiffs, and the Rule 23 Class sustained substantial damages from the acts and omissions described herein.

***Claims Common to Members of the Rule 23 Class Employed in New Jersey***

74.     Similar to the Plaintiffs, the FLSA Collective Plaintiffs, and the NYLL Rule 23 Class, the Rule 23 Class includes non-exempt employees employed at Defendants' New Jersey

facility who, pursuant to the NJWHL and NJWTA, were entitled to minimum wages and overtime compensation throughout their employment with Defendants.

75.     At all relevant times, members of the Rule 23 Class working at Defendants' New Jersey facility were required to punch in and punch out for their shifts using Defendants' electronic timekeeping system, which was the same timekeeping system used by Plaintiffs and members of the FLSA Collective Plaintiffs and the Rule 23 Class members employed at Defendants' New York facilities.

76.     Although the Rule 23 Class typically took a daily meal break during their shifts, Defendants did not require the Rule 23 Class to punch out at the start of their meal break or punch in at the end of their meal break.

77.     Instead, Defendants implemented a policy under which Defendants automatically deducted a fixed amount of time, typically thirty (30) minutes, from the New Jersey Rule 23 Class's daily work hours regardless of the actual length of the Rule 23 Class members' meal breaks, which is the same policy that Defendants implemented at their New York facilities.

78.     Additionally, Defendants implemented the same policy of rounding the New Jersey Rule 23 Class's daily work hours to a quarter of an hour as Defendants used in their New York facilities.

79.     While Defendants' rounding policy occasionally resulted in the New Jersey Rule 23 Class members' daily work hours being rounded up, for the vast majority of days on which the Rule 23 Class worked their daily work hours were rounded down.

80.     As a result of Defendants' rounding policy, on most days that they worked, the New Jersey Rule 23 Class members worked more hours than the number of hours for which they were paid and therefore were not paid minimum wages for all of the hours they worked.

81.     Also as a result of Defendants' rounding policy, during weeks in which the New Jersey Rule 23 Class members worked more than forty (40) hours, the Rule 23 Class was not paid overtime wages equal to one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

82.     Defendants knew or should have known that their failure to pay the Rule 23 Class minimum wages and overtime compensation violated the NJWHL and NJWTA and/or they acted in reckless disregard of the New Jersey state wage and hour laws.

83.     Defendants' refusal to pay the New Jersey Rule 23 Class all wages owed to them is an intentional and willful violation of New Jersey state wage and hour laws.

84.     The members of the Rule 23 Class employed in New Jersey sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Minimum Wage Violations Under the FLSA)

85.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

86.     Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for the hours they worked.

87.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the statutory minimum wages for the hours they worked.

88.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

89.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

90.     Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Overtime Violations Under the FLSA)

91.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

92.     Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

93.     Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

94.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

95.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

96.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

97.     Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
(Minimum Wage Violations Under the NYLL)

98.     Plaintiffs repeat and reallege all prior allegations set forth above.

99.     Pursuant to the applicable provisions of the NYLL, Plaintiffs and the Rule 23 Class were entitled to the statutory minimum wages for all of the hours they worked.

100.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the Rule 23 Class the statutory minimum wages for all hours they worked.

101.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Rule 23 Class the required minimum wages, Plaintiffs and the Rule 23 Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

102.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the Rule 23 Class are entitled to liquidated damages.

103.    Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Third Cause of Action in the amount of their respective unpaid minimum wages,

liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
(Overtime Violations Under the NYLL)

104.     Plaintiffs repeat and reallege all prior allegations set forth above.

105.     Pursuant to the applicable provisions of the NYLL, Plaintiffs and the Rule 23 Class were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

106.     Plaintiffs and the Rule 23 Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

107.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the Rule 23 Class overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

108.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Rule 23 Class the required overtime wages, Plaintiffs and the Rule 23 Class have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

109.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the Rule 23 Class are entitled to liquidated damages.

110.     Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Fourth Cause of Action in the amount of their respective unpaid overtime wages,

liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
### (Spread of Hours Violations Under the NYLL)

111.    Plaintiffs repeat and reallege all prior allegations.

112.    Plaintiffs and the Rule 23 Class regularly worked shifts that spanned more than ten (10) hours per day.

113.    Defendants willfully failed to pay Plaintiffs and the Rule 23 Class additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs' shifts spanned more than ten (10) hours.

114.    By failing to pay Plaintiffs and the Rule 23 Class spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

115.    Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Fifth Cause of Action in the amount of their unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
### (Failure to Provide Payroll Notices Under the NYLL)

116.    Plaintiffs repeat and reallege all prior allegations.

117.    Defendants failed to furnish to Plaintiffs and the Rule 23 Class, at their time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances,

if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

118.     As Defendants failed to provide Plaintiffs and the Rule 23 Class with payroll notices as required by NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

119.     Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Sixth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
(Failure to Provide Wage Statements Under the NYLL)

120.     Plaintiffs repeat and reallege all prior allegations.

121.     Throughout the relevant time period, Defendants failed to furnish to Plaintiffs and the Rule 23 Class, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

122.     As Defendants failed to provide Plaintiffs and the Rule 23 Class with wage statements as required by NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

123.     Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Seventh Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
(Failure to Timely Pay Wages under the NYLL)

124.     Plaintiffs repeat and reallege all prior allegations set forth above.

125.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiffs and the Rule 23 Class were entitled to be paid their earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

126.     During the relevant time period, Defendants routinely failed to pay Plaintiffs and the Rule 23 Class all of their earned wages in accordance with the agreed-upon terms of employment.

127.     During the relevant time period, Defendants failed to timely pay Plaintiffs and the Rule 23 Class all their earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

128.     Plaintiffs and the Rule 23 Class regularly worked in excess of forty (40) hours per work during their employment with Defendants.

129.     Throughout the relevant time period, Defendants failed to pay Plaintiffs and the Rule 23 Class all wages earned by Plaintiffs and the Rule 23 Class, including overtime wages earned for all hours worked in excess of forty (40) in a workweek, in violation of NYLL § 191(1)(a)(i).

130.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Rule 23 Class in accordance with NYLL § 191(1)(a)(i), Plaintiffs and the Rule 23 Class have been

damaged and are entitled to recover from Defendants all wages due, liquidated damages, all reasonable attorneys' fees, interest, and costs.

131.    Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Eighth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE RULE 23 CLASS
### (Minimum Wage Violations Under the NJWHL)

132.    Plaintiffs repeat and reallege all prior allegations set forth above.

133.    Pursuant to the applicable provisions of the NJWHL, the Rule 23 Class was entitled to the statutory minimum wages for all of the hours they worked.

134.    Throughout the relevant time period, Defendants knowingly failed to pay the Rule 23 Class the statutory minimum wages for all hours they worked.

135.    As a result of Defendants' violations of the law and failure to pay the Rule 23 Class the required minimum wages, the Rule 23 Class has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

136.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, the Rule 23 Class is entitled to liquidated damages.

137.    Judgment should be entered in favor of the Rule 23 Class members employed in New Jersey and against Defendants on the Ninth Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF THE RULE 23 CLASS**
(Overtime Violations Under the NJWHL)

138.     Plaintiffs repeat and reallege all prior allegations set forth above.

139.     Pursuant to the applicable provisions of the NJWHL, the Rule 23 Class was entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

140.     The Rule 23 Class regularly worked in excess of forty (40) hours per week during their employment with Defendants.

141.     Throughout the relevant time period, Defendants knowingly failed to pay the Rule 23 Class overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

142.     As a result of Defendants' violations of the law and failure to pay the Rule 23 Class the required overtime wages, the Rule 23 Class has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

143.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, the Rule 23 Class is entitled to liquidated damages.

144.     Judgment should be entered in favor of the Rule 23 Class members employed in New and against Defendants on the Tenth Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION ON BEHALF OF
THE RULE 23 CLASS**
(Failure to Timely Pay Wages in Violation of the NJWPL)

145.     Plaintiffs repeat and reallege all prior allegations.

146.    At all relevant times, Defendants failed to pay the Rule 23 Class the full amount of wages due to them, including minimum and overtime wages, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

147.    Defendants also failed to pay the Rule 23 Class all wages due to them, including overtime wages, not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

148.    As a result of Defendants' violations of the law and failure to pay the Rule 23 Class all wages due in a timely manner, the Rule 23 Class has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

149.    As Defendants did not have a good faith basis to believe that their failure to timely pay wages was in compliance with the law, the Rule 23 Class is entitled to liquidated damages.

150.    Judgment should be entered in favor of the Rule 23 Class members employed in New and against Defendants on the Eleventh Cause of Action in the amount of their respective unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiffs pray for relief as follows:

a)  on the First Cause of Action for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due to Plaintiffs and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due to Plaintiffs and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due to Plaintiffs and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages due to Plaintiffs and the Rule 23 Class in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages due to Plaintiffs and the Rule 23 Class in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for all wages due to Plaintiffs and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for all minimum wages due to the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

j)   on the Tenth Cause of Action for all overtime wages due to the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

k)   on the Eleventh Cause of Action for all unpaid wages due to the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

l)   Interest;

m)   Costs and disbursements; and

n)   Such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        November 23, 2021

/s/ Adam Sackowitz
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
ajsackowitz@katzmelinger.com

/s/ Frank R. Schirripa
Frank R. Schirripa
John A. Blyth
Hach Rose Schirripa & Cheverie LLP
112 Madison Avenue, 10th Floor
New York, NY 10016
T.: (212) 213-8311
F:  (212) 824-2020
fschirripa@hrsclaw.com
jb@hachroselaw.com
*Counsel for Plaintiffs and the Putative Collective and Class*