UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
KENIA MONTIEL-FLORES and
ALMANELLY RIVERA ZUNIGA,
individually and on behalf of all                MEMORANDUM & ORDER
others similarly situated,                       19-CV-3005 (JS)(SIL)

                    Plaintiffs,

     -against-

JVK OPERATIONS LIMITED and VINOD
SAMUEL,

                    Defendants.
-------------------------------X
APPEARANCES
For Plaintiff:        Frank R. Schirripa, Esq.
                      Hach Rose Schirripa & Cheverie LLP
                      185 Madison Avenue, 14th Floor
                      New York, New York  10016

                      John Anthony Blyth, Esq.
                      Hach and Rose, LLP
                      112 Madison Avenue, 10th Floor
                      New York, New York  10016

                      Kenneth J. Katz, Esq.
                      Adam Joseph Sackowitz, Esq.
                      Katz Melinger PLLC
                      370 Lexington Avenue, Suite 1512
                      New York, New York  10017

For Defendants:       Douglas E. Rowe, Esq.
                      Certilman Balin Adler & Hyman, LLP
                      90 Merrick Avenue
                      East Meadow, New York  11554


SEYBERT, District Judge:

          JVK  Operations  Limited  ("JVK")  and  Vinod  Samuel

("Samuel")  (collectively  "Defendants")  move  to  decertify  the

conditionally  certified  Fair  Labor  Standard  Act  ("FLSA")

collective action (the "Decertification Motion").   (See ECF No.
58.)   In turn, Kenia Montiel-Flores and Almanelly Rivera Zuniga
(the "Named Plaintiffs") cross-move for final certification of the
FLSA collective action and, also, move pursuant to Federal Rule of
Civil Procedure ("Rule") 23(a) and (b)(3) for class certification
(the "Certification Motion").   (See ECF No. 54.)   By Report &
Recommendation dated August 1, 2023 (the "R&R"), Magistrate Judge
Steven I. Locke recommended the Court: (1) deny Defendants'
Decertification Motion and grant the Named Plaintiffs' cross-
motion for final certification; and (2) grant the Named Plaintiffs'
Certification Motion.   (See R&R, ECF No. 67, at 12-27.)   For the
following reasons, Defendants' objections to the R&R are
OVERRULED, and the R&R is ADOPTED in its entirety.

## BACKGROUND

The Court adopts the relevant factual background stated
by Magistrate Judge Locke in his R&R, finding that the R&R
accurately summarizes the relevant facts pertinent to this case,
which are incorporated herein.   (See id. at 3-10.)   Similarly, the
Court adopts the Magistrate Judge's recitation of the relevant
procedural history, which is also incorporated herein.   (Id. at
10-11.)   See Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-
CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) ("[b]ecause
neither Plaintiff nor Defendants challenge the Magistrate Judge's
recitation of the facts, and the Court finds no clear error in

2

that recitation, the Court incorporates the 'Factual Background' and 'Procedural Background' sections of the Magistrate Judge's Report and Recommendation into this Order.")  For the reader's convenience, however, the Court reiterates the following.

I.   Facts

JVK is a laundromat that provides dry cleaning and laundry services to hospitals and hotels (Am. Compl., ECF No. 35, ¶ 9); the Named Plaintiffs worked for Defendant JVK as clothing sorters.  (Montiel-Flores Decl., Ex. C, ECF No. 54-4, ¶ 3-4, attached to Certification Motion; Zuniga Decl., Ex. D, ECF No. 54-5, attached to Certification Motion.)  Samuel is "the Chief Executive Officer of . . . JVK" and "exercises significant control over the company's operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records." (Samuel Decl., Ex. 1, ECF No. 58-2, ¶¶ 12-13, attached to Decertification Motion; see also Am. Compl., ¶ 10-12.)  While employed by Defendants, the Named Plaintiffs, the proposed FLSA Collective Plaintiffs, and the proposed Rule 23 Class Members were all nonexempt employees pursuant to the FLSA, New York Labor Law ("NYLL"), New Jersey Work and Hour Law ("NJWHL"), New Jersey Wage Payment Law ("NJWPL"), and the New Jersey Wage Theft Act ("NJWTA"); as such, each was entitled

3

to minimum wages, overtime compensation and spread of hours pay. (See Am. Compl., ¶ 60.)

Defendants pay all nonexempt hourly employees a regular hourly rate at or slightly above the applicable state minimum wage rate. (Samuel Tr., ECF No. 54-2, at 53:6-54:14, attached to Certification Motion.) Additionally, Defendants have implemented a timekeeping system which, in pertinent part, tracks the hours of all nonexempt hourly employees at each of Defendants' New York and New Jersey locations by rounding all nonexempt hourly employees' punch-in and punch-out times to the nearest quarter of an hour. (Samuel Decl. ¶ 16; Samuel Tr. at 74:4-77:18; Zencir Tr., Ex. 10, ECF No. 62-7, 36:20-38:9, attached to Sackowitz Decl.) Specifically, this policy rounds time up or down based on a seven-minute assumption; for example, if the employee punched in more than seven minutes before her start time, the timekeeping system would round back to the nearest quarter of an hour. (Samuel Decl., ¶¶ 16, 21.) Conversely, if the employee punches in less than seven minutes before her start time the system would round the time up to the nearest quarter of an hour. (Id.) Likewise, if an employee punched in less than seven minutes after her start time, the timekeeping system would round the time back to the nearest quarter of an hour. (Id.) Additionally, Defendants' time-keeping system automatically deducts thirty minutes from each non-exempt hourly employee's daily work hours if the employee's shift is longer than

4

six hours.  (Id. ¶¶ 9, 16.)  The Named Plaintiffs contend "for the vast majority of days" Defendants' rounding policy resulted in their hours being rounded down.  (Am. Compl. ¶¶ 64-65; Montiel-Flores Decl. ¶¶ 18-22; Zuniga Decl. ¶¶ 19-22.)

The FLSA Collective Plaintiffs include hourly workers who worked for JVK at any time between May 21, 2016 and the present, and who were subject to Defendants' automatic fixed meal deduction and rounding policies.  (Mem. & Order, ECF No. 34, at 12.)  This group includes the Named Plaintiffs and 81 opt-in plaintiffs who worked at Defendants' commercial laundry facilities in New York and New Jersey.  (Id.; Zencir Decl., ECF No. 58-4, ¶¶ 8, attached to Decertification Motion.)  The FLSA Collective Plaintiffs allege due to Defendants' timekeeping and deduction practices, they were willfully denied minimum wage and overtime wages guaranteed by the FLSA.  (Am. Compl. ¶¶ 18-20.)

The proposed Rule 23 Class includes the Named Plaintiffs and approximately 2,000 similarly situated nonexempt hourly employees who were employed by Defendants in New York and New Jersey since the date six years prior to the filing of the Complaint, and who had "the same or substantially similar" job duties as the Named Plaintiffs.  (Am. Compl. ¶¶ 24-25, 27; Certification Motion Support Memo, ECF No. 54, ¶ 7.)  The Rule 23 Class Members allege that Defendants' practice of deducting thirty minutes each day from their time, regardless of the actual length

of time taken for a lunch break, together with Defendants' rounding policy, deprived them of compensation at the minimum wage rate for all hours they worked, or at proper overtime rates for each hour they worked in excess of forty hours per week.   (Montiel-Flores Decl. ¶ 22; Zuniga Decl. ¶ 23.)

## II. <u>Procedural History</u>

On December 9, 2022, the Named Plaintiffs filed their Certification Motion as to their state-law claims.   (<u>See</u> Certification Motion; <u>see also</u> Certification Motion Support Memo.) Defendants opposed the Certification Motion.   (<u>See</u> Opp'n to Certification Motion, ECF No. 57.)   On February 10, 2023, Defendants filed their Decertification Motion, (<u>see</u> Decertification Motion; Decertification Motion Support Memo, ECF No. 58-5, <u>attached to</u> Decertification Motion.), which the Named Plaintiffs opposed; they also cross-moved for final certification. (<u>See</u> Opp'n to Decertification Motion, ECF No. 63).   On April 27, 2023, this Court referred both motions to Magistrate Judge Locke for a report and recommendation.   (<u>See</u> Apr. 27, 2023 Elec. Order.) Magistrate Judge Locke issued his R&R on August 1, 2023.   In sum, the Magistrate Judge recommended: "(i) denying Defendants' motion to decertify the FLSA collective action and granting the Named Plaintiffs' cross-motion for final certification, and (ii) granting the Named Plaintiffs' motion for class

certification." (R&R at 11.)  On August 14, 2023, Defendant timely filed objections to the R&R.  (See R&R Obj., ECF No. 68.)

   III. Judge Locke's R&R

      A. FLSA § 216(b) Certification

         In the R&R, after summarizing the material facts and procedural history of the action, Magistrate Judge Locke identified the rules governing certification under Section 216(b) of the FLSA.  (R&R at 12.)  Magistrate Judge Locke found that "Courts in the Second Circuit apply a two-step analysis."  (Id. (citing Myers v. Hertz Corp., 624 F.3d 537, 554-55 (2d Cir. 2010)).)  This analysis requires the Court to first evaluate "whether the proposed class members are 'similarly situated' to the Named Plaintiffs[,]" and, if they are, the class will be "conditionally certified, and each member may then consent in writing to 'opt-in' to the litigation." (Id. (citing Rodolico v. Unisys Corp., 199 F.R.D. 468, 480 (E.D.N.Y. 2021)).)  Next, the Court determines, "with the benefit of a fuller record[,] whether the opt-in plaintiffs are in fact 'similarly situated' to the named plaintiffs." (Id. at 13. (quoting Pino v. Harris Water Main & Sewer Contractors Inc., No. 17-CV-5910, 2020 WL 5708889, at *3 (E.D.N.Y. Sept. 23, 2020)).)  While the term "similarly situated" is undefined, Magistrate Judge Locke found that courts apply a three-factor test, the "ad-hoc test", to analyze the issue.  (Id. (citing Desilva v. N. Shore-Long Island Jewish Health Sys. Inc.,

27 F. Supp. 3d 313, 320 (E.D.N.Y. 2014) (further citation omitted)).)   The relevant factors under the ad-hoc test are: "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."   (Id.)

Having previously conditionally certified the collective action under step one, Magistrate Judge Locke focused his analysis in the R&R on step two.   (Id.)   The Magistrate Judge concluded the FLSA Collective Plaintiffs were similarly situated because "Defendants' timekeeping policies of rounding to the nearest quarter hour and automatic 30-minute deduction for mealtime breaks [were] uniformly applied" such that "[t]hese two policies create[d] common issues of fact among all FLSA Collective Plaintiffs."   (Id. at 14-15.)   Further, Magistrate Judge Locke rejected Defendants' contention that their timekeeping and meal deduction policies were lawful, finding "'the extent, existence, and lawfulness of [Defendants'] company-wide policies are issues for the finder of fact at trial,' and are 'issues that are subject to generalized proof,' which makes them appropriate to proceed on a collective action-wide basis."   (Id. at 15 (quoting Dieffenbauch v. Rhinehart R.R. Constr., Inc., No. 17-CV-1180, 2021 WL 365850, at *3 (N.D.N.Y. Feb. 3, 2021)).)   Likewise, the Magistrate Judge found "whether [Defendants'] policies violated the FLSA" are

8

questions which "underscore the similarities among the FLSA Collective Plaintiffs as these common questions are material to the disposition of their FLSA claims." (Id.)

Turning to the ad-hoc factors, Magistrate Judge Locke determined, inter alia, the FLSA Collective Plaintiffs successfully demonstrated "their positions were similar in their employment setting[,]" and Defendants' timekeeping and lunch break policies were automatically applied "to all opt-in plaintiffs." (Id. at 15-16.) Magistrate Judge Locke rejected Defendants' argument that "the FLSA claims [were] subject to unique, individualized defenses such that employees were often properly compensated under their policy and that determining wages owed for unpaid overtime is an individualized assessment[,]" likewise noting such considerations were relevant to the damages analysis but did not, on their own, merit decertification of the collective action. (Id. at 16 (citing Dieffenbauch, 2021 WL 365850, at 4 (collecting cases)).) Finally, Magistrate Judge Locke highlighted fairness and procedural considerations weighed in favor of certification because "[l]itigating minimum wage and overtime claims for each of the[] employees . . . would be unduly burdensome on all parties." (Id. at 17.) Moreover, Magistrate Judge Locke determined that "permitting the FLSA Collective Plaintiffs to pool their resources in bringing their FLSA claims best serve[] the [policy] purposes of the statute." (Id. (citing

*Pino*, 2020 WL 5708889, at *7; *McGlone v. Cont. Callers, Inc.*, 49 F. Supp. 3d 364, 369 (S.D.N.Y. 2014)).)

     B. Rule 23(a) Class Certification

       Next, Magistrate Judge Locke turned to the Named Plaintiffs' Certification Motion and began by identifying the relevant law governing whether class certification is appropriate under Rule 23(a). (Id.) Specifically, Magistrate Judge Locke found the Court "must first ascertain whether the claims meet the [Rule 23(a)] preconditions of . . . numerosity, commonality, typicality, and adequacy." (Id. at 18. (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201-02 (2d Cir. 2008)).)

     1. Numerosity

       Regarding numerosity, Magistrate Judge Locke found "the proposed Rule 23 Class includes more than 2,000 current and former nonexempt employees at JVK's New York and New Jersey facilities who were subject to the same pay policies as the Named Plaintiffs." (Id. at 19.) Since the Second Circuit previously held numerosity was presumed at a level of 40 members, Magistrate Judge Locke found that here, numerosity was satisfied. (Id. at 19-20. (citing *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (further citation omitted); *Avila v. Ardian Corp.*, No. 18-CV-4785, 2022 WL 3370024, at *2 (E.D.N.Y. Aug. 16, 2022)).)

2. <u>Commonality</u>

As to commonality, Magistrate Judge Locke found "in wage cases, the commonality requirement is usually satisfied where the plaintiffs allege that defendants had a common policy or practice of unlawful labor practices." (<u>Id.</u> at 20 (quoting <u>Poplawski v. Metroplex on the Atl., LLC</u>, No. 11-CV-3765, 2012 WL 1107711, at *7 (E.D.N.Y. Apr. 2, 2012)).) Furthermore, the Magistrate Judge stated that "'Commonality may be met even though class members' individual circumstances differ, so long as their injuries derive from a unitary course of conduct.'" (<u>Id.</u> (quoting <u>Espinoza v. 953 Assocs. LLC</u>, 280 F.R.D. 113, 124 (S.D.N.Y. 2011) (further citation omitted)).) Here, "common questions of law and fact" were found to "exist such that they [were] best resolved class wide." (<u>Id.</u>) Specifically, "[t]he Named Plaintiffs sufficiently demonstrate[d], and Defendants [did] not contest, that the timekeeping policies of meal deductions and rounding were uniformly applied to all proposed class members." (<u>Id.</u>) Magistrate Judge Locke determined Defendants' argument that its "policies were lawful because they were neutrally applied and did not systemically undercompensate employees" went to the merits of Plaintiffs' claims, and, consequently, were "better addressed at summary judgment or trial." (<u>Id.</u> at 21.) Again, Magistrate Judge Locke noted Defendants' "contention demonstrates that common questions of law and fact exist between all class members because their claims will

rise or fall based on the legality of the uniformly applied policies." (Id.)

     3. <u>Typicality</u>

Next, "[f]or reasons similar to the determination that commonality exists," Magistrate Judge Locke found the typicality requirement was also met. (<u>Id.</u> at 22.) Specifically, the R&R highlighted "'[i]n a wage case, the typicality requirement is satisfied where the named plaintiff and proposed class members were subject to the same general employment scheme, and their claims are based on the same course of events and legal theory.'" (<u>Id.</u> at 21. (quoting <u>Pino</u>, 2021 WL 3675148, at *8 (internal citations omitted)).) Here, Magistrate Judge Locke found "[t]he alleged harms suffered by the Named Plaintiffs are typical of those of the class they seek to represent [because] [l]ike each proposed class member, Montiel-Flores and Zuniga were subject to JVK's rounding and meal deduction policies." (<u>Id.</u> at 22.) Once more, to the extent Defendant sought to argue its timekeeping and mealtime deduction policies were applied neutrally such that claims for damages could only be resolved on a case-by-case basis, Magistrate Judge Locke determined Defendants' contentions "concern[ed] . . . the legality of the policies themselves" and, as such, Defendants' arguments were "better reserved for a summary judgment motion or trial, not class certification," and, only "underscore . . . the fact that the Named Plaintiffs' legal theory

is the same as the Rule 23 Class Members[,]" thus "making their claims typical." (Id.)

### 4. Adequacy

Defendants did not contest the adequacy of the Named Plaintiffs or Class Counsel, nevertheless Magistrate Judge Locke highlighted "the Named Plaintiffs and all class members are subject to the same timekeeping policies," and each Named Plaintiff asserted they would "vigorously litigate the class's shared grievances against Defendants and have no interests antagonistic to those of other class members." (Id. at 23.) Likewise, Magistrate Judge Locke found proposed Class Counsel had "investigated this case thoroughly, obtained conditional certification under the FLSA, and have substantial resources and experience as lead counsel in wage and hour class actions." (Id.) Consequently, this factor was deemed satisfied. (Id.)

### 5. Ascertainability

Magistrate Judge Locke next identified "a fifth prerequisite to class certification, ascertainability." (Id.) Magistrate Judge Locke expounded that "ascertainability . . . demands that a class be 'sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" (Id. (quoting In re Petrobas Sec. Lit., 862 F.3d 250, 260 (2d Cir. 2017)).) Magistrate Judge Locke found this factor satisfied

because, _inter alia_, the class was based upon objective criteria such that the "Court is able to determine who is in the class without having to answer numerous individualized questions." (_Id._ at 24.)   Likewise, Magistrate Judge Locke found:

> the proposed class members . . . had the same job duties and responsibilities, and the proposed Rule 23 Class Members used the same timekeeping system and were subject to the same practices, including the use of the same technology to clock in and out for their shifts, the data from which was sent to Defendants' payroll company for processing. Defendants' policies regarding automatic deduction for meal breaks and the rounding of employees' work hours were applied uniformly to all nonexempt employees who worked at Defendants' three facilities during the relevant period.

(_Id._)   In addition to the uniformity by which Defendants applied their timekeeping and deduction policies to all non-exempt employees, Judge Locke highlighted Defendants "'were able to provide plaintiffs with [a] list of individuals who were members of the conditionally certified FLSA collective action," and so "[D]efendants would also be able to create a list of individuals who are potential members' of the certified class." (_Id._ (quoting _Atakhanova v. Home Fam. Care, Inc._, No. 16-CV-6707, 2020 WL 4207437, at *7 (E.D.N.Y. Jul. 22, 2020)).)

C. Rule 23(b)

1. Predominance

Next, the Magistrate Judge determined, inter alia, that predominance would be satisfied "'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" (Id. at 25 (quoting In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig., 330 F.R.D. 11, 55 (E.D.N.Y. 2019)).)  Moreover, Magistrate Judge Locke stated that courts routinely find "'common questions predominate in wage and hour actions brought on behalf of a class of employees of the same employer challenging allegedly illegal policies and practices.'" (Id. (quoting Fonseca v. Dircksen & Talleyrand Inc., No. 13-CV-5124, 2015 WL 5813382, at *5 (S.D.N.Y. Sept. 28, 2015)).) Applying these standards, Magistrate Judge Locke found "questions of law and fact predominate this case because all of JVK's nonexempt employees share a similar mix of job duties, carried out within the same constraints imposed by JVK through their timekeeping policies." (Id.)  The Magistrate Judge acknowledged, and rejected, Defendants' contentions that "individual inquiries related to analysis of hours worked by JVK employees in the putative class exist and that their rounding policy is lawful or[, at most,] violated rights on a 'de minimis basis.'" (Id. at 25-

26.)  Specifically, Magistrate Judge Locke determined "resolution of the legality of Defendants' consistently applied policies are issues that predominate this case," such that Defendants "will likely be liable to all parties or none."  (Id. at 26.)  As to Defendants' repeated argument concerning the individualized question of damages, Judge Locke found such inquiries did "not defeat predominance as to the common questions surrounding Defendants' pay policies."  (Id. (citing Tyson Foods, Inc. v. Bouaphakeo, 577 U.S. 442, 453-54 (2016)).)

    2. Superiority

Finally, Judge Locke concluded that "a class action is a superior method of adjudicating this case" since "[t]he proposed class includes [more than] 2,000 individuals and litigating the claims for each of these plaintiffs individually would be unduly burdensome on all parties"; as a result, "class members might not pursue their claims."  (Id. at 27 (citing Torres v. Gristede's Operating Corp., No. 04-CV-3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006)).)  Moreover, Judge Locke found "most members of the proposed class have not suffered large enough damages to warrant each member funding individual litigation, and so the Rule 23 Class Members do not have an interest in controlling the prosecution of separate actions."  (Id.)

DISCUSSION

I.   Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the report and recommendation strictly for clear error. See Locus Techs. V. Honeywell Int'l Inc., 632 F. Supp. 3d 341, 351 (S.D.N.Y. 2022); Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (same); Thomas v. City of N.Y., Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("Objections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review"); Urgent One Med. Care, PC v. Co-Options, Inc., No. 21-CV-4180, 2022 WL 4596754, at *5 (E.D.N.Y. Sept. 30, 2022) ("General objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review'" (quoting Owusu v. N.Y.S. Ins., 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (cleaned up)); see also Phillips v. Reed Grp., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) ("In the event a party's

objections are conclusory or general, or simply reiterate original arguments, the district court . . . reviews the Report and Recommendation for clear error.").

II.  Analysis

Turning to Defendants' objections, the Court finds them to be general and "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Magistrate Judge Locke.  Out of the Blue Wholesale, LLC v. Pacific American Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6253713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)).  Indeed, Defendants' objections are presented by way of a literal copy-and-paste from the papers submitted to Magistrate Judge Locke.  (Compare e.g., R&R Obj. at 3-18, with Decertification Motion Support Memo at 6-19; R&R Obj. at 18-26, with Opp'n to Certification Motion at 7-24.)

In the handful of instances where Defendants' objections are not blatantly copied and pasted from the underlying motion papers (see R&R Obj. at 27-30), the Court likewise finds the substance of these objections betray Defendants' intent to relitigate issues previously adjudicated by the Magistrate Judge. Defendants do not point to any legal error in the R&R but merely disagree with Magistrate Judge Locke's conclusions.  For example,

Defendants aver the R&R "misconstrues the relevance of the analysis and [the] Affidavit of Mustafa Zencir, stating that their relevance was only as to damages," and that "the individualized analysis . . . while certainly relevant to damages, are also integral to the determination of the legality of any rounding policy." (R&R Obj. at 27.)  Defendants mischaracterize the R&R's conclusions in this regard.  Magistrate Judge Locke entertained this argument and concluded, since the Named Plaintiffs and opt-in plaintiffs were similarly situated on the basis they shared common issues of law or fact material to the disposition of their claims, that dissimilarities in other respects, specifically damages, should not defeat collective treatment.  (See R&R at 14-16.)  Additionally, as to the legality of Defendants' rounding and deduction policies, Magistrate Judge Locke previously determined, with citations to supporting law, that such arguments were better reserved for trial or summary judgment.  (Id. at 15.)

Likewise, Defendants object to the Magistrate Judge's conclusion that the Named Plaintiffs and opt-in Plaintiffs were similarly situated by, once again, arguing its rounding policy was legal and, except for Named Plaintiffs, did not result in the alleged underpayments.  (R&R Obj. at 28.)  Defendants' arguments in this regard, as previously noted in the R&R, underscore Magistrate Judge Locke's conclusion, i.e., determination of the legality of Defendants' rounding and deduction policy is a question

of law or fact common to both Named Plaintiffs and the opt-in Plaintiffs such that they are similarly situated.  (R&R at 15, 22.)  Legality of the policies are issues which will be subject to generalized proof, making them appropriate to proceed on a collective action basis.  (Id. at 15.)

        In sum, this Court rejects Defendants' implicit invitation to relitigate the exact same issues presented to and decided by the Magistrate Judge in his R&R; thus, reviews the R&R for clear error.  Accord Ricciardi v. Colvin, No. 15-CV-2715, 2017 WL 4011243, at *2-3 (E.D.N.Y. Sept. 12, 2017) (applying clear error review where objections to R&R's analysis were "thinly veiled reiterations of [objector's] grounds for appeal," and observing objector had "copied and pasted many of his arguments, and most of the substance of those arguments" in presenting objections to the R&R).  Upon careful review and consideration, the Court finds the Magistrate Judge's R&R to be comprehensive, well-reasoned, and free of clear error, hence, the Court adopts the R&R in its entirety.

<u>CONCLUSION</u>

        For the stated reasons, Defendants' objections are OVERRULED, the R&R is ADOPTED as stated, Defendants' Decertification Motion (ECF No. 58) is DENIED and the Named Plaintiffs' cross-motion for final certification is GRANTED.

**IT IS FURTHER ORDERED** that the Named Plaintiffs' Certification Motion (ECF No. 54) is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 18, 2023
        Central Islip, New York